## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PETER ANDREW MCMILLAN,<br>Petitioner, | DOCKET NUMBER<br>CB-1205-15-0005-U-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency,<br>and<br>DEPARTMENT OF JUSTICE,<br>Agency. | DATE: October 19, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter Andrew McMillan, Bayamon, Puerto Rico, pro se.

R. Alan Miller, Washington, D.C., for the Office of Personnel
 Management.

Marcia N. Tiersky, Springfield, Virginia, for the Department of Justice.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1    The petitioner asks the Board to review the implementation of a regulation of the Office of Personnel Management (OPM) by the Department of Justice, Drug Enforcement Administration (DEA or agency), which the petitioner alleges required the commission of a prohibited personnel practice and to which he alleges he has been subjected.  For the reasons discussed below, we DISMISS the petitioner's request for lack of jurisdiction.

## ANALYSIS

¶2    The Board has original jurisdiction to review rules and regulations promulgated by OPM.  5 U.S.C. § 1204(f).  The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, require any employee to commit a prohibited personnel practice as defined by 5 U.S.C. § 2302(b).  5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has authority to declare an OPM regulation invalidly implemented by an agency if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice.  5 U.S.C. § 1204(f)(2)(B).

¶3    The Board's regulations direct the individual requesting review to provide the following information:  a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation has required, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take.  5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, ¶ 7 (2012); *Di Jorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992).  This information is required for the individual to be able to state a case within the Board's jurisdiction.  5 C.F.R. § 1203.11(b)(1).

¶4    Here, the petitioner challenges the DEA's implementation of 5 C.F.R. § 575.209(b)(1), a regulation that repeats the statutory limit set by 5 U.S.C. § 5753(d)(1) on the amount of relocation incentive payments that may be paid an employee.[2]  With exceptions not applicable here, such a bonus may not exceed 25% of the annual rate of basic pay of the employee multiplied by the number of years of the service period involved.  The statute and regulation authorize payment by either a single lump sum or by annual installments throughout the service period.  5 U.S.C. § 5753(d)(2); 5 C.F.R. § 575.209(a).  The petitioner contends that the agency erroneously paid him only 25% of one year's basic pay for a 3-year period of service and thereby committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(12) by violating a statute or regulation that implements or directly concerns a merit system principle.[3]  Regulation Review File (RRF), Tabs 1, 11.  As explained below, the petitioner has not stated a claim within the Board's regulation review jurisdiction, and therefore we dismiss his request for review.

---

[2] 5 C.F.R. § 575.209(b)(1) states:

> Except as provided in paragraph (c) of this section, the total amount of relocation incentive payments paid to an employee in a service period may not exceed 25 percent of the annual rate of basic pay of the employee at the beginning of the service period multiplied by the number of years (including fractions of a year) in the service period (not to exceed 4 years).

5 U.S.C. § 5753(d)(1) states:

> Except as provided in subsection (e), a bonus under this section shall not exceed 25 percent of the annual rate of basic pay of the employee at the beginning of the service period multiplied by the number of years (including a fractional part of a year, as determined under regulations of [OPM]) in the required service period of the employee involved.

[3] The petitioner also asserted that the DEA's implementation of the regulation retaliated against him by violating 5 U.S.C. § 2302(b)(8) and (9).  However, he alleged no protected disclosures or protected activity on his part prior to receipt of the disputed relocation payment that could have been a basis for the alleged reprisal.

¶5        The petitioner received a relocation incentive payment for a 3-year term of service in Puerto Rico from January 1, 2012, until January 10, 2015. The Relocation Incentive Service Agreement signed by the petitioner on February 7, 2012, indicated that he received a lump sum incentive payment of $24,546.75, which was 25% of his annual basic pay. RRF, Tab 7 at 14-16. The petitioner contends that the DEA's payment was an erroneous implementation of the regulation because the agency was required to pay him this amount for each year of his 3 years of service in Puerto Rico. RRF, Tab 1 at 5.

¶6        In support of this contention, the petitioner cites the language of the statute and OPM's regulation as requiring the additional payments. He also states that 8 of the more than 128 individuals who were relocated by the DEA to Puerto Rico or the Virgin Islands received three annual payments of 25% of basic pay. RRF, Tab 11 at 5-6. According to the petitioner, the agency's implementation of the regulation committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(12) because 5 C.F.R. § 575.209(b)(1) is a regulation that implements or directly concerns the merit system principle in 5 U.S.C. § 2301(b)(3) ("Equal pay should be provided for work of equal value . . . and appropriate incentives and recognition should be provided . . . [.]"). RRF, Tab 11 at 6-7.

¶7        Regarding the petitioner's reliance on the DEA's payment of the maximum allowed relocation incentive in three annual installments to a few employees serving in the Caribbean Division, the agency concedes that this larger amount was mistakenly paid early on to a few employees because of a short-lived misunderstanding of a memorandum of the Administrator. However, the agency states that after that time the corrected formula, which was used for the petitioner's incentive payment, has consistently been used in such payments to other Caribbean Division employees. RRF, Tab 7 at 10. The petitioner has acknowledged that the agency has paid the vast majority of relocated individuals the same relocation payment that he received, but he insists that the agency has

violated 5 U.S.C. § 2302(b)(12) by doing so and is required to pay them the higher amount he seeks. RRF, Tab 11 at 5.

¶8      The petitioner has not articulated a prohibited personnel practice within the meaning of 5 U.S.C. § 2302(b)(12). Because the Civil Service Reform Act did not intend the merit system principles to be "self-executing," the statute requires petitioner's claim under this provision to identify a law, rule, or regulation implementing or directly concerning a merit system principle that the agency's implementation of 5 C.F.R. § 575.209(b) violated. *Wells v. Harris*, 1 M.S.P.R. 208, 215 (1979), *modified on other grounds by Gende v. Department of Justice*, 23 M.S.P.R. 604, 608-10 (1984). Without meeting this requirement, a claim that OPM's regulation violates a merit system principle is not sufficient. *Blount v. Office of Personnel Management*, 87 M.S.P.R. 87, ¶ 3 (2000). Thus, the petitioner's sole reliance on the alleged improper implementation of 5 C.F.R. § 575.209(b)(1) without identifying the violation of such a law, rule, or regulation does not allege a violation of 5 U.S.C. § 2302(b)(12) within the Board's jurisdiction under 5 U.S.C. § 1204(f).[4] The Board has no jurisdiction under the statute to address the petitioner's claim that the DEA has been inconsistent in making its relocation incentive payments.[5]

¶9      Thus, we find that the petitioner has failed to state a claim that the OPM regulation at 5 C.F.R. § 575.209(b)(1) has required commission of a prohibited personnel practice, as applied. Accordingly, the petitioner's request for regulation review is dismissed for lack of jurisdiction. This is the final decision

---

[4] The petitioner is also mistaken in asserting that this regulation implements or directly concerns the merit system principles in 5 U.S.C. § 2301(b)(3) regarding equal pay and appropriate incentives. As noted above, the regulation does no more than state a limit on the amount of a relocation incentive payment that an agency may make.

[5] As OPM noted in its submission, RRF, Tab 6 at 5, challenges to Federal agency decisions regarding entitlement to compensation, including relocation incentives, may be made pursuant to 31 U.S.C. § 3702(a)(2) and 5 C.F.R. part 178.

of the Merit Systems Protection Board in this proceeding.  Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).


FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.